IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

RECEIVED

2007 JAN 25 P 3:36

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| LILLIAN WOODLEY as the administratrix of the Estate of RUFUS WOODLEY, <br><br> Plaintiffs, <br><br> v. <br><br> PFG-LESTER BROADLINE, INC.; KENNETH LUSTER COMPANY, INC. & FICTITIOUS DEFENDANTS A, B, and/or C, being those unknown persons, firms, partnerships, corporations or other entities, both singular and plural, who participated or assisted in the wrongful acts alleged in this complaint, but whose true names and legal identities are otherwise unknown at this time but will be added by amendment when ascertained, <br><br> Defendants. | CASE NO.: 2:07-cv-74-IDALA <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

1. Plaintiff, Lillian Woodley, is over the age of 19 years and has been appointed the Executrix and personal representative of her late husbands estate, Rufus Woodley, and is a citizen of Alabama.

2. Defendant, PFG-Lester Broadline, Inc. is a foreign corporation with its principal place of business in Lebanon, Tennessee, but does business in the State of Alabama and is a citizen of Tennessee.

3. Defendant Kenneth O. Lester Company, Inc. is a foreign corporation with its principal place of business in Lebanon, Tennessee but does business in the State of Alabama and is a citizen of Tennessee.

4. The Court has jurisdiction and venue pursuant to 28 U.S.C. 1332 and 28 U.S.C. 1391(a).

## FACTS

5. On or about August 18, 2006, Rufus Woodley and his wife Lillian Woodley were traveling on Interstate 59 North in Dekalb County at or near Fort Payne, Alabama. At the same time that Defendants were operating a tractor-trailer on Interstate 59 North.

6. Defendant's driver Julius Abonyo, while operating a tractor-trailer, allowed the tractor-trailer to merge into the left lane of Interstate 59 North.

7. At the time the Defendant's vehicle entered into the left lane of I-59 North, the car operated by Rufus Woodley was right beside the tractor-trailer in the left hand lane.

8. As a result of the Defendant's truck coming into the left lane of I-59 North, Rufus Woodley moved his vehicle to the left inside shoulder and median and lost control of his vehicle in the median of I-59.

9. At all material times herein Julius Abonyo was an employee of Defendants and was acting in the line and scope of his employment for Defendants at the time of the wreck.

## COUNT ONE
**(Negligence)**

10. The Plaintiffs incorporate by reference all the allegations of paragraphs 1-11 of this Complaint as if the same were fully set out herein.

11. Defendants PFG-Lester Broadline and Kennther O. Lester Company had:

- A duty to exercise reasonable care in the operation of the tractor-trailer;
- A duty to be attentive and not operate the tractor trailer recklessly;
- A duty to Plaintiffs to look and reasonably care for the rights of others upon the public;
- A duty not to merge into the next lane while it was occupied.

12. Defendants negligent failures or omissions were the cause-in-fact and proximate cause of the accident.

13. As a result of Defendants negligence, Rufus Woodley died of severe injuries and had his car damaged and Mrs. Woodley was otherwise damaged.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs demand a judgment against the Defendants, individually, for punitive damages in an amount to be determined by a jury under the provisions of laws of this state.

## COUNT TWO

14. The Plaintiffs incorporates by reference all the allegations of paragraphs1-13 of this Complaint as if the same were fully set out herein.

15. Defendant's had a duty to use reasonable care in the operation of the tractor-trailer, a duty to exercise care and a duty to be attentive and not operate the vehicle recklessly and not merge into the next lane while occupied.

16. Defendant's wanton and reckless misconduct was the cause-in-fact and proximate cause of the accident.

17. As a result of Defendant's wantonness Plaintiffs were injured and damaged as set forth in paragraph 13 above.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs demand a judgment against the Defendants, individually, for punitive damages in an amount to be determined by a jury under the provisions of laws of this state.

*/s/ Michael Crow*
MICHAEL J. CROW (CRO039)
Attorney for Plaintiffs

**OF COUNSEL:**

BEASLEY, ALLEN, CROW,
 METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
(334) 269-2343

### JURY DEMAND

**PLAINTIFFS HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.**

*/s/ Michael Crow*
**OF COUNSEL**