# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA,
# NORTHERN DIVISION

| | |
|---|---|
| **LILIAN WOODLEY, as the** administratrix of the Estate of **RUFUS WOODLEY,** | * * * * |
| Plaintiffs, | * * |
| v. | *   CASE No.:  2:07-CV-74-ID * |
| **PFG-LESTER BROADLINE, INC., KENNETH LUSTER COMPANY, INC., et al.,** | * * * * |
| Defendants. | * |

## ANSWER

COMES NOW the Defendant Kenneth O. Lester Company, Inc. and states the following in answer to the Plaintiff's allegations in the complaint:

1. The Defendant does not have sufficient information to admit or deny the allegations of paragraph 1 of the complaint.

2. Based on information presently available the Defendant denies the allegations of paragraph 2.

3. Based on information presently available the Defendant has no reason to deny the allegation of paragraph 3 but reserves the right to amend its answer.

4. The Defendant denies the allegations of paragraph 4.

## FACTS

5. Investigation is incomplete and Defendant does not at this time have sufficient information to admit or deny the allegations of paragraph 5 of the complaint.

6. Investigation is incomplete and Defendant does not at this time have sufficient information to admit or deny the allegations of paragraph 6 of the complaint.

7. Investigation is incomplete and Defendant does not at this time have sufficient information to admit or deny the allegations of paragraph 7 of the complaint.

8. Investigation is incomplete and Defendant does not at this time have sufficient information to admit or deny the allegations of paragraph 8 of the complaint.

9. Based on information presently available Julius Obonya was an employee of the Kenneth O. Lester Company at the time of the occasion which is the basis for this complaint. Based on information presently available the Defendant denies the balance of paragraph 9.

## COUNT ONE

10. The Defendant adopts and incorporates its previous responses to Plaintiff's allegations.

11. Paragraph 11 of the complaint contains an argument of law to which no factual answer is required.

12. The Defendant denies the allegations in paragraph 12.

13. The Defendant denies the allegations in paragraph 13.

## COUNT TWO

14. The Defendant adopts and incorporates its previous responses to Plaintiff's allegations.

15. Paragraph 15 of the complaint contains an argument of law to which no factual answer is required.

16. The Defendant denies the allegations in paragraph 16.

17. The Defendant denies the allegations in paragraph 17.

The Defendant further denies the Plaintiff is entitled to any judgment for compensatory damages, punitive damages, or otherwise.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Defendant pleads the general issue and says that the allegations of the Complaint are not true.

### SECOND DEFENSE

The Defendant is not guilty of the matters alleged in the complaint.

## THIRD DEFENSE

The Defendant denies the matters alleged in the complaint and denies that Plaintiff is entitled to recover any damages from the Defendant.

## FOURTH DEFENSE

The Defendant pleads failure to join an indispensable party

## FIFTH DEFENSE

The Defendant pleads improper joinder of claims.

## SIXTH DEFENSE

Venue is improper.

## SEVENTH DEFENSE

The Defendant pleads *forum non conveniens*.

## EIGHTH DEFENSE

The Defendant pleads insufficient and improper service of process and insufficient and improper process.

## NINTH DEFENSE

The Defendant avers that there is no causal relationship between any act of this Defendant and the injury or death alleged in the complaint.

## TENTH DEFENSE

The Plaintiff failed to mitigate her damages.

## ELEVENTH DEFENSE

Plaintiff's claims are barred to the extent that the Plaintiffs' or Plaintiffs' decedents' injuries or death alleged in the complaint resulted from a preexisting or unrelated medical condition.

## TWELFTH DEFENSE

The Plaintiff lacks standing.

## THIRTEENTH DEFENSE

The Plaintiff's damages are speculative.

## FOURTEENTH DEFENSE

The complaint fails to state a claim for which relief can be granted.

## FIFTEENTH DEFENSE

The plaintiff was guilty of negligence which caused or contributed to cause to the injury and damage or death alleged.

## SIXTEENTH DEFENSE

The plaintiff assumed the risk of the injury and damage or death alleged.

## SEVENTEENTH DEFENSE

This Defendant did not breach any duty to the Plaintiff which caused or contributed to cause the injury and damage or death alleged.

## EIGHTEENTH DEFENSE

Any injury or damage sustained by the Plaintiff or decedent was caused or occasioned by a new, intervening and/or efficient cause.

## NINETEENTH DEFENSE

The Plaintiff's vehicle was being operated in violation of Alabama rules, regulations, statutes and/or laws.

## TWENTIETH DEFENSE

An award of punitive damages under Alabama law would violate the Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 2, 6, 11, 13, 15, 22, 27, and 35 of the Alabama Constitution, separately and severally on the following grounds as well as others:

(a)     An award of punitive damages would violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution by imposing punitive damages, which are penal in nature, against a civil defendant based upon a burden of proof which is less than beyond a reasonable doubt as required in criminal cases.

(b)     An award of punitive damages against multiple defendants for different alleged acts of wrongdoing without regard to the nature of the alleged wrongdoing of each separate defendant, which violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

(c)     There is no reasonable limit on the amount of an award of punitive damages.

  (d) There are no specific standards for the amount on an award of punitive damages.

  (e) An award of punitive damages would result in the imposition of a fine in excess of the maximum criminal fine for the same or similar conduct.

  (f) An award of punitive damages would impose excessive fines in violation of the Eighth Amendment of the United States Constitution.

  (g) Alabama law allows arbitrary and capricious imposition of punitive damages by a jury.

  (h) An award of punitive damages would be unconstitutionally vague.

### TWENTY-FIRST DEFENSE

An award of punitive damages would constitute a deprivation of property without due process of law.

### TWENTY-SECOND DEFENSE

The procedures pursuant by which punitive damages are awarded in Alabama permit the imposition of an excessive fine in violation of the Alabama and United States Constitutions.

### TWENTHY-THIRD DEFENSE

An award of punitive damages would violate rights afforded by Article I, Section 6 of the Alabama Constitution since it would be a deprivation of property without due process of law.

## TWENTY-FOURTH DEFENSE

An award of punitive damages in a civil action based upon the burden of proof in civil cases would deprive constitutional rights afforded by the Fifth and Fourteenth Amendments of the United States Constitution and Article 1, Sections 1, 6 and 22 of the Alabama Constitution by depriving property without due process of law since punitive damages amount to a fine or the equivalent of criminal punishment and should be subject to the same burden of proof that applies in criminal prosecution.

## TWENTY-FIFTH DEFENSE

An award of punitive damages in a civil action operates as a deprivation of property without due process of law in violation of rights afforded by the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 1, 6 and 22 of the Alabama Constitution since an award of punitive damages amounts to punishment and a fine which should only be administered within the criminal justice system.

## TWENTY-SIXTH DEFENSE

Alabama law gives standardless discretion to a jury and to determine the severity of punishment in the course of awarding punitive damages and violates constitutional rights afforded under the Sixth and Fourteenth Amendments to the

United States Constitution and Article I, Sections 1, 6, and 22 of the Alabama Constitution by depriving property without due process of law.

### TWENTY-SEVENTH DEFENSE

An award of punitive damages would violate constitutional safeguards provided under the due process clause of the Fourteenth Amendment of the United States Constitution since the criteria for awarding punitive damages are vague and are not rationally related to legitimate government interests.

### TWENTY-EIGHTH DEFENSE

An award of punitive damages would violate Article 1, Section 6 of the Alabama Constitution which provides that no person shall be deprived of life, liberty, or property except by due process of law since punitive damages are vague and are not rationally related to legitimate government interests.

### TWENTY-NINTH DEEFNSE

An award of punitive damages under Alabama law would violate constitutional due process rights afforded by the Fifth and Fourteenth Amendments to the United States Constitution and by the due process provisions of Article 1, Section 6, of the Alabama Constitution.

### THIRTIETH DEFENSE

An award of punitive damages in this case based on any consideration other than each separate defendant's conduct with respect to the subject of this lawsuit

would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment to the United States Constitution as incorporated into the Fourteenth Amendment and the applicable Alabama constitutional provisions providing for due process in Article 1, Section 6, and for double jeopardy in Article I, Section 9.

## THIRTY-FIRST DEFENSE

The lack of definite standards and meaningful criteria for the award of punitive damages under Alabama law is inconsistent with due process and violates rights afforded by the Fifth and Fourteenth Amendments to the United States Constitution by depriving property without due process of law and denying equal protection of the laws.

## THIRTY-SECOND DEFENSE

An award of punitive damages under Alabama law which is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, regarding the amount of punitive damages that a jury may impose would violate due process rights afforded by the Fifth and Fourteenth Amendments of the United States Constitution and by the due process provisions of Article I, Section 6, of the Alabama Constitution.

### THIRTY-THIRD DEFENSE

An award of punitive damages would violate the Eighth Amendment of the United States Constitution since punitive damages would be an excessive fine in violation of the excessive fines Clause of the Eighth Amendment to the United States Constitution.

### THIRTY-FOURTH DEFENSE

An award of punitive damages under Alabama law exceeding the limits authorized by the Alabama Criminal Code would constitute an excessive fine and cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution and the Alabama constitutional provisions providing for due process.

### THIRTY-FIFTH DEFENSE

An award of punitive damages based upon the principal of joint and several liability would be an excessive fine imposed in violation of rights afforded by the Eighth Amendment and the Fourteenth Amendment of the United States Constitution.

### THIRTY-SIXTH DEFENSE

An award of punitive damages under the law of Alabama which provides only for the imposition of a single assessment of damages against joint tortfeasors, despite differing degrees of culpability and wrongdoing, unreasonably acts to

establish an impermissible classification against defendants for different acts of negligence, wantonness, misrepresentation, fraud, or other wrongdoing that a defendant did not commit would violate rights afforded by the Fourteenth Amendment to the United States Constitution, and by provisions of Alabama Constitution, which require that the state afford all persons equal protection of the law.

### THIRTY-SEVENTH DEFENSE

An award of punitive damages would violate safeguards provided under the Sixth Amendment to the United States Constitution since punitive damages are penal in nature and should be subject to the same procedural safeguards that apply to criminal prosecution.

### THIRTY-EIGHTH DEFENSE

The law of Alabama imposing joint and several liability on one or more defendants for acts of others creates an arbitrary and capricious method and manner for jury assessment and determination of damages without regard for the quality and quantity of acts or the culpability of other defendants and deprives defendants of property without due process of law in violation of Amendments Five and Fourteen to the United States Constitution and Article I, Section 6 of the Alabama Constitution.

### THIRTY-NINTH DEFENSE

An award of punitive damages would violate rights afforded by the United States Constitution and the Alabama Constitution by awarding damages which are penal in nature by only requiring a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

### FOURTIETH DEFENSE

The law of Alabama, by allowing a jury to assess punitive damages without established guidelines and/or standards for the exercise for a jury's discretion allows a jury to exercise a policy-making function which is reserved exclusively for the legislative branch of our government and violates the constitutional principal of separation of powers with respect to the United States Constitution and the Alabama Constitution, Article III, Sections 42 and 43.

### FORTY-FIRST DEFENSE

An award of punitive damages on any basis which is not proportionate to culpability or wrongdoing of a particular defendant amounts to a grossly disportionate award in violation of principals underlying an award of punitive damages, defeating the purpose of an award of punitive damages, and violates rights afforded by the Fifth and Fourteenth Amendments of the United States Constitution since such an award amounts to a deprivation of property without due process of law in violation of constitutional rights and is an excessive fine.

## FORTY-SECOND DEFENSE

Because Alabama law does not provide for contribution among joint tortfeasors or other apportionment of damages, the imposition of compensatory or punitive damages, violates rights to due process afforded by the Fifth and Fourteenth Amendments to United States Constitution.

## FORTY-THIRD DEFENSE

An award of punitive damages would violate the self-incrimination clause of the Fifth Amendment of the United States Constitution since those damages are penal in nature although defendants are required to testify and disclose documents and other evidence without the safeguard against self-incrimination set out in the Fifth Amendments to the United States Constitution.

## FORTY-FOURTH DEFENSE

An award of punitive damages would violate the Fifth Amendment of the United States Constitution which prohibits deprivation of property except by due process of law since a claim for punitive damages is vague and not rationally related to any legitimate government interest.

## FORTY-FIFTH DEFENSE

There is no basis for an award of punitive damages as required by §6-11-20 *Code of Alabama* (1975).

## FORTY-SIXTH DEFENSE

Any award of punitive damages is limited by §6-11-21 *Code of Alabama* (1975).

## FORTY-SEVENTH DEFENSE

The Defendant reserves all other applicable defenses and reserves the right to amend this answer in accordance with the Federal Rules of Civil Procedure.

/s/Matthew W. Robinett
MATTHEW W. ROBINETT, ASB-3523-172M
WILLIAM C. WOOD, ASB-2689-DA4W
NORMAN, WOOD, KENDRICK & TURNER
Financial Center, Suite 1600
505 20th Street North
Birmingham, AL  35203
Telephone:  (205) 328-6643
Fax:  (205) 251-5479
E-mail:  wood@nwkt.com
E-mail:  mrobinett@nwkt.com

## **JURY DEMAND**

Defendant demands a trial by struck jury.

/s/Matthew W. Robinett
Matthew W. Robinett

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA,
## NORTHERN DIVISION

| | | |
|---|---|---|
| **LILIAN WOODLEY, as the** administratrix of the Estate of **RUFUS WOODLEY,** | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | CASE No.: 2:07-CV-74-ID |
| **PFG-LESTER BROADLINE, INC., KENNETH LUSTER COMPANY, INC., et al.,** | * * * * | |
| Defendants. | * | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2007, I electronically filed the foregoing with the Clerk of the Court through the CM/ECF system which will send notification of such filing to the following:

Michael J. Crow

        /s/Matthew W. Robinett
        MATTHEW W. ROBINETT, ASB-3523-172M
        WILLIAM C. WOOD, ASB-2689-DA4W
        NORMAN, WOOD, KENDRICK & TURNER
        Financial Center, Suite 1600
        505 20th Street North
        Birmingham, AL  35203
        Telephone:  (205) 328-6643
        Fax:          (205) 251-5479
        Email:       mrobinett@nwkt.com