IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| **LILLIAN WOODLEY as the administratrix of the Estate of RUFUS WOODLEY,** | *<br>*<br>*<br>* |
| **Plaintiffs,** | * |
| | *    CASE NO.: CV-07-74-ID |
| v. | *<br>* |
| **PFG-LESTER BROADLINE, INC.; and KENNETH O. LESTER COMPANY, INC.,** | *<br>*<br>*<br>* |
| **Defendants.** | *<br>* |

## AMENDED COMPLAINT

1.      Plaintiff, Lillian Woodley, is over the age of 19 years and has been appointed the Executrix and personal representative of her late husbands estate, Rufus Woodley, and is a citizen of Alabama.

2.      Defendant, PFG-Lester Broadline, Inc. is a foreign corporation with its principal place of business in Lebanon, Tennessee, but does business in the State of Alabama and is a citizen of Tennessee.

3.      Defendant Kenneth O. Lester Company, Inc. is a foreign corporation with its principal place of business in Lebanon, Tennessee but does business in the State of Alabama and is a citizen of Tennessee.

4.      The Court has jurisdiction and venue pursuant to 28 U.S.C. 1332 and 28 U.S.C. 1391(a).

## FACTS

5. On or about August 18, 2006, Rufus Woodley and his wife Lillian Woodley were traveling on Interstate 59 North in Dekalb County at or near Fort Payne, Alabama. At the same time that Defendants were operating a tractor-trailer on Interstate 59 North.

6. Defendant's driver Julius Abonyo, while operating a tractor-trailer, allowed the tractor-trailer to merge into the left lane of Interstate 59 North.

7. At the time the Defendant's vehicle entered into the left lane of I-59 North, the car operated by Rufus Woodley was right beside the tractor-trailer in the left hand lane.

8. As a result of the Defendant's truck coming into the left lane of I-59 North, Rufus Woodley moved his vehicle to the left inside shoulder and median and lost control of his vehicle in the median of I-59.

9. At all material times herein Julius Abonyo was an employee of Defendants and was acting in the line and scope of his employment for Defendants at the time of the wreck.

## COUNT ONE
### (Negligence)

10. The Plaintiff incorporates by reference all the allegations of paragraphs 1-9 of this Complaint as if the same were fully set out herein.

11. Defendants PFG-Lester Broadline and Kenneth O. Lester Company, Inc. were negligent in one or more of the following ways:

- They had a duty to exercise reasonable care in the operation of the tractor-trailer;

- They had a duty to be attentive and not operate the tractor trailer recklessly;

- They had a duty to Plaintiffs to look and reasonably care for the rights of others upon the public;

- They had a duty not to merge into the next lane while it was occupied.

12. As a result of Defendants negligence, Rufus Woodley died of severe injuries and had his car damaged and Mrs. Woodley was otherwise damaged.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands a judgment against the Defendants, individually, for punitive damages in an amount to be determined by a jury under the provisions of laws of this state.

## COUNT TWO
### (Wantonness)

13. The Plaintiff incorporates by reference all the allegations of paragraphs1-12 of this Complaint as if the same were fully set out herein.

14. Defendants had a duty to use reasonable care in the operation of the tractor-trailer, a duty to exercise care and a duty to be attentive and not operate the vehicle recklessly and not merge into the next lane while occupied.

15. Defendant's wanton and reckless misconduct was the cause-in-fact and proximate cause of the accident.

16. As a result of Defendant's wantonness Plaintiffs were injured and damaged as set forth in paragraph 12 above.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands a judgment against the Defendants, individually, for punitive damages in an amount to be determined by a jury under the provisions of laws of this state.

## COUNT III
### (Negligent/Wanton Entrustment)

17. The Plaintiff incorporates by reference all the allegations of paragraphs 1-16 of this Complaint as if the same were fully set out herein.

18. At the aforesaid time and place, Defendants negligently and/or wantonly entrusted their truck to Julius Abonyo with actual and/or constructive knowledge that Abonyo was an incompetent driver.

19. As a proximate consequence of the Defendants negligence and/or wantonness entrustment, Rufus Woodley died as a result of his injuries suffered in the wreck.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands a judgment against the Defendants, individually, for punitive damages in an amount to be determined by a jury under the provisions of laws of this state.

## COUNT IV
### (Negligent/Wanton Hiring, Retention, Supervision or Maintenance)

20. The Plaintiff incorporates by reference all the allegations of paragraphs 1-19 of this Complaint as if the same were fully set out herein.

21. Defendants negligently and/or wantonly hired, retained, supervised and trained Mr. Abonyo and/or maintained the truck he was driving on the date of the wreck.

22.    As a proximate cause of Defendants negligence and/or wantonness Mr. Woodley suffered severe injuries, which caused his death.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands a judgment against the Defendants, individually, for punitive damages in an amount to be determined by a jury under the provisions of laws of this state.

    /s/Michael J. Crow
    MICHAEL J. CROW (CRO039)
    Attorney for Plaintiffs

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,**
**METHVIN, PORTIS & MILES, P.C.**
P.O. Box 4160
Montgomery, AL 36103-4160
(334) 269-2343

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of March, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    /s/Michael J. Crow
    OF COUNSEL

William C. Wood
Norman, Wood, Kendrick and Turner
Financial Center, Suite 1600
505 Twentieth Street North
Birmingham, Alabama 35203

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| **LILLIAN WOODLEY** as the administratrix of the Estate of **RUFUS WOODLEY**,<br><br>    Plaintiffs,<br><br>v.<br><br>**PFG-LESTER BROADLINE, INC.; KENNETH O. LESTER COMPANY, INC.**,<br><br>    Defendants. | * * * * * * * * * * * * *    CIV. ACT. NO.: 2:07cv74-ID |

### PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiffs move the Court for permission to amend their Complaint to correct the party name of the Defendant previously stated as Kenneth Luster Company, Inc. as Defendant Kenneth O. Lester Company, Inc.

WHEREFORE, Plaintiffs request the Court to allow them to amend their Complaint and correct the party name of the Defendant.

      /s/Michael J. Crow
    MICHAEL J. CROW (CRO039)
    Attorney for Plaintiffs

OF COUNSEL:

BEASLEY, ALLEN, CROW,
 METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
(334) 269-2343

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing upon all counsel of record listed below via e-file, on this the 13th day of March, 2007.

      /s/Michael J. Crow
      OF COUNSEL

William C. Wood
Norman, Wood, Kendrick and Turner
Financial Center, Suite 1600
505 Twentieth Street North
Birmingham, Alabama 35203