IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | | |
|---|---|---|
| LILIAN WOODLEY, as the Administratrix of the Estate of RUFUS WOODLEY, | * * * * | |
| Plaintiffs, | * * | |
| vs. | * * * | CASE No.: 2:07-CV-74-ID |
| PFG-LESTER BROADLINE, INC., and KENNETH O. LESTER COMPANY, INC., et al., | * * * * | |
| Defendants. | * | |

**BRIEF IN SUPPORT OF
DEFENDANT PFG-LESTER BROADLINE, INC.'S
MOTION FOR SUMMARY JUDGMENT**

COMES NOW the defendant, PFG-Lester Broadline, Inc., by and through the undersigned counsel, and in support of its Motion for Summary Judgment submits the following brief:

**STATEMENT OF RELEVANT UNDISPUTED FACTS**

PFG-Lester Broadline, Inc., a defendant in the above styled matter, is a wholly owned subsidiary of Kenneth O. Lester Company, Inc. (Ex. A ¶ 4). PFG-Lester Broadline, Inc. does not maintain or share any property, trucks, or employees with Kenneth O. Lester Company, Inc. (Ex. A ¶ 5).

PFG-Lester Broadline, Inc. did not employ, hire, or control Mr. Abonyo at the time of the events described in the complaint. PFG-Lester Broadline, Inc. did not lease or own the truck or trailer Mr. Abonyo was driving. (Ex. A ¶ 6). PFG-Lester Broadline, Inc. did not maintain and was not responsible for maintaining the truck or trailer. *Id.*

## **STANDARD OF REVIEW**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c). Further,

> The party moving for summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact. The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party.

*Haney v. Eaton Elec., Inc.*, 528 F. Supp. 2d 1262, 1263 (N. D. Ala. 2007) (internal citations omitted).

# ARGUMENT

The plaintiff alleges causes of action for Negligence, Wantonness, Negligent/Wanton Entrustment, and Negligent/Wanton Hiring, Retention, Supervision or Maintenance. (*See*, Compl. and Am. Compl.).

### I. The plaintiff cannot set forth specific evidence that PFG-Lester Broadline, Inc. was negligent.

Under Alabama law, "in order to prove a claim of negligence a plaintiff must establish that the defendant breached a duty owed by the defendant to the plaintiff and that the breach proximately caused injury or damage to the plaintiff." *Proctor v. Fluor Enterprises Inc.* 494 F.3d 1346 (11th Cir. 2007) (quoting *Zanaty Realty, Inc. v. Williams,* 935 So. 2d 1163, 1167 (Ala. 2005)).

In the present case, PFG-Lester Broadline, Inc. owed no duty. PFG-Lester Broadline, Inc. does not maintain or share any property, trucks, or employees with Kenneth O. Lester Company, Inc. (Ex. A ¶ 5). PFG-Lester Broadline, Inc. did not employ, hire, or control Mr. Abonyo at the time of the events described in the complaint. PFG-Lester Broadline, Inc. did not lease or own the truck or trailer Mr. Abonyo was driving. (Ex A. ¶ 6). PFG-Lester Broadline, Inc. did not maintain and was not responsible for maintaining the truck or trailer. *Id.* For these reasons, the plaintiff's negligence claim fails as a matter of law.

**II.    The plaintiff cannot set forth specific evidence that PFG-Lester Broadline, Inc. was wanton.**

In Alabama, wantonness is statutorily defined as conduct which is carried on with a reckless or conscious disregard of the rights or safety of others. Ala. Code 1975, § 6-11-20(b)(3). Wantonness has been defined by the Alabama Supreme Court as the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result. *Alfa Mut. Ins. Co. v. Roush,* 723 So. 2d 1250, 1256 (Ala.1998).

In the present case, PFG-Lester Broadline, Inc. did not do any act or omit any duty in relation to the events made basis of the plaintiff's claims, and the plaintiff's wantonness claim fails as a matter of law.

**III.    The plaintiff cannot set forth specific evidence that PFG-Lester Broadline, Inc. negligently entrusted a vehicle to Mr. Abonyo.**

The Alabama Supreme Court described the claim of negligent entrustment in the following manner:

> Negligent Entrustment is defined in Restatement (Second) of Torts § 390, as follows: One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

4

*Pryor v. Brown & Root USA,* 674 So. 2d 45, 51 (Ala. 1995) (quoting *Wilbanks v. Brazil,* 425 So. 2d 1123 (Ala. 1983), quoting in turn *Brown v. Vanity Fair Mills, Inc.,* 277 So. 2d 893 (Ala. 1973)). In *Pryor,* the court set out the precise burden a plaintiff must satisfy in order to succeed on a negligent entrustment claim. The court specifically stated the elements for a negligent entrustment cause of action are: "(1) an entrustment, (2) to an incompetent; (3) with knowledge that he [or she] is incompetent; (4) proximate cause; and (5) damages." *Pryor,* 674 So. 2d at 51. Finally, the court paraphrased the most important element of the claim by stating, "The doctrine of negligent entrustment is founded on the primary negligence of the entrustor in supplying a motor vehicle to an incompetent driver, with the manifestations of the incompetence of the driver as a basic requirement of the negligent entrustment action." *Id.* at 51.

In the present case, PFG-Lester Broadline, Inc. was not the entrustor as required to maintain the plaintiff's claims under Alabama law. Therefore, the plaintiff's claim of negligent/wanton entrustment fails as a matter of law.

**IV. The plaintiff cannot set forth specific evidence against PFG-Lester Broadline, Inc. for negligent/wanton hiring, retention, supervision or maintenance.**

In defining the elements of the tort of negligent hiring or supervision, the Alabama Supreme Court has stated that " '[i]n the master and servant relationship, the master is held responsible for his servant's incompetency when notice or

knowledge, either actual or presumed, of such unfitness has been brought to him....' A party alleging negligent or wanton supervision and hiring must also prove the underlying wrongful conduct of employees." *Hester v. Brown,* 512 F.Supp.2d 1228 (M.D. Ala. 2007) (citing *Voyager Ins. Cos. v. Whitson,* 867 So. 2d 1065, 1073 (Ala.2003) (quoting *Lane v. Cent. Bank of Ala., N.A.,* 425 So. 2d 1098, 1100 (Ala.1983)).

A claim for negligent retention is substantively similar to a claim of negligent supervision in the employment arena. *See generally Gardner v. State Farm Mut. Automotive Ins. Co.,* 842 So. 2d 1, 10 (Ala. Civ. App. 2002). For negligent retention, the plaintiff must prove that the retainer, through the exercise of due care and diligence, would have recognized the incompetency of the retainee. *See, Id.* at 10.

In the instant matter, the plaintiff has not cited any particular acts or omissions committed with regard to the hiring, retention, supervision or maintenance of Mr. Abonyo. As outlined extensively in this brief, PFG had no connection to the employment of Mr. Abonyo much less the ability or duty to control his employment. Therefore, the plaintiff's negligent hiring claim fails as a matter of law.

## **CONCLUSION**

PFG-Lester Broadline, Inc. did not have any employ, hire, or have the right to control Mr. Abonyo.  Further, PFG-Lester Broadline, Inc. did not have any control over the vehicle allegedly involved in the accident made basis of the plaintiff's claims.

WHEREFORE, PREMISES CONSIDERED, the defendant prays that this Honorable Court grant its summary judgment against the plaintiff and enter judgment in favor of the defendant, PFG Lester-Broadline, Inc., as a matter of law.

Respectfully submitted,

s/ Matthew W. Robinett
WILLIAM C. WOOD
WOO007 – ASB-2689-DA4W
MATTHEW W. ROBINETT
ROB127 – ASB-3523-172M
*Attorneys for Defendants*
NORMAN, WOOD, KENDRICK & TURNER
Financial Center, Suite 1600
505 20th Street North
Birmingham, AL  35203
Telephone:  (205) 328-6643
Fax:          (205) 251-5479
Email:       wood@nwkt.com
                  mrobinett@nwkt.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION**

| | |
|---|---|
| **LILIAN WOODLEY, as the** * | |
| **administratrix of the Estate of** * | |
| **RUFUS WOODLEY,** * | |
| * | |
| Plaintiffs, * | |
| * | |
| v. * | CASE No.: 2:07-CV-74-ID |
| * | |
| **PFG-LESTER BROADLINE, INC.,** * | |
| **KENNETH O. LESTER COMPANY,** * | |
| **INC., et al.,** * | |
| * | |
| Defendants. * | |

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2008, I electronically filed the foregoing with the Clerk of the Court through the CM/ECF system which will send notification of such filing to the following:

Michael J. Crow
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, PC
P.O. Box 4160
Montgomery, AL 36103-4160

        Respectfully submitted,

        s/ Matthew W. Robinett
        WILLIAM C. WOOD
        WOO007 – ASB-2689-DA4W
        MATTHEW W. ROBINETT
        ROB127 – ASB-3523-172M
        *Attorneys for Defendants*
        NORMAN, WOOD, KENDRICK & TURNER
        Financial Center, Suite 1600
        505 20th Street North

        Birmingham, AL  35203
        Telephone:  (205) 328-6643
        Fax:        (205) 251-5479
        Email:      wood@nwkt.com
                    mrobinett@nwkt.com