IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | | |
|---|---|---|
| **LILIAN WOODLEY, as the** | * | |
| **administratrix of the Estate of** | * | |
| **RUFUS WOODLEY,** | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | CASE No.: 2:07-CV-74-ID |
| | * | |
| **PFG-LESTER BROADLINE, INC.,** | * | |
| **KENNETH O. LESTER COMPANY,** | * | |
| **INC., et al.,** | * | |
| | * | |
| Defendants. | * | |

### DEFENDANTS' MOTION TO STRIKE
### AFFIDAVIT OF JAMES R. LAURIDSON, M. D.

COME NOW the defendants, by and through the undersigned counsel, and move this Honorable Court to Strike the Affidavit of James R. Lauridson, M. D. filed in support of Plaintiff's Response to Motions for Summary Judgment and Response to Motion to Exclude (Doc. 53-2).  Under the rule established by the Eleventh Circuit in *Van T. Junkins and Associates, Inc. v. U.S. Industries, Inc.*, 736 F.2d 656 (11th Cir. 1984) and its progeny this affidavit is due to be struck.  In support of this motion, Defendants say as follows:

## **INTRODUCTION**

On May 5, 2008, the plaintiff filed as Exhibit 1 (Doc. 53-2) to her briefs in opposition to Defendants' Motions for Summary Judgment and Motion to Exclude, the Affidavit of James R. Lauridson, M. D.  This affidavit purports to bolster the background and qualifications of Lauridson and to explain Lauridson's case evaluation and methodology.  (*See* Doc. 53-2, § I and II).  Specifically, this affidavit opines: "The **mechanism of death** in this case was occlusion of the coronary artery.  The **cause of death** was the cervical spine fracture." (Doc. 53-2, p. 11).  This is in direct contradiction to the opinion provided by Lauridson in his response to this Court's required Rule 26 disclosures and in direction contradiction to Lauridson's testimony at deposition on February 27, 2008.

In *Van T. Junkins and Associates, Inc. v. U.S. Industries, Inc.*, the Eleventh Circuit established that "when a party has given clear answers to unambiguous questions…, that party cannot thereafter [submit] an affidavit that merely contradicts, without explanation, previously given clear testimony.  736 F.2d 656 (11th Cir. 1984).  The United States District Court for the Middle District of Alabama noted in *Porterfield v. Flowers Baking Co. of Opelika, LLC*, Slip Copy 2007 WL 4373006 (M. D. Ala. Dec. 12, 2007):

> The Eleventh Circuit has developed a standard by which to determine when certain testimony's contradictory nature renders it inappropriate for consideration as creating a genuine issue of material fact.  In this circuit, "when a party has given clear answers to unambiguous

> questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." *Van T. Junkins & Assocs., Inc. v, U.S. Indus., Inc.,* 736 F.2d 656, 657 (11th Cir. 1984). Before disregarding an affidavit, therefore, a court must find some inherent inconsistency between the affidavit and deposition. *Rollins v. TechSouth, Inc.,* 833 F.2d 1525, 1530 (11th Cir. 1987). It is the inherent inconsistency which renders the subsequent affidavit a "sham." *See Van T. Junkins,* 736 F.2d at 657.

*Porterfield v. Flowers Baking Co. of Opelika, LLC*, Slip Copy 2007 WL 4373006 (M. D. Ala. Dec. 12, 2007). As such, this court may "disregard an affidavit submitted solely for the purpose of opposing a motion for summary judgment when that affidavit is directly contradicted by deposition testimony." *McCormick v. City of Fort Lauderdale,* 333 F.3d 1234, 1240 n. 7 (11th Cir. 2003).

The linage of case law among the courts of this Circuit allows the application of this doctrine to non-parties. *See e.g., Fischer v. Ciba Specialty Chemical Corp. et al.,* 238, F.R.D. 273, 284 (S. D. Ala. 2006) (citing *Messick v. Horizon Industries, Inc.,* 62 F.3d 1227, 1231 (9th Cir.1995)); *Kearns v. Sealy*, 2007 WL 2012867 (S. D. Ala. July 6, 2007). The affidavit of Lauridson falls squarely within this doctrine.

## **ARGUMENT**

I.  **The affidavit is contradictory regarding cause of death.**

In his deposition Lauridson testified:

>    Q. You understand that the right coronary artery was one hundred percent occluded as reported in the catheterization summary?
>
>    A. Yes. At the time of the fatal event, that's correct.
>
>    Q. Do you have any opinion as to what caused that hundred percent occlusion?
>
>    A. Without an autopsy, one cannot be certain. It was thrombus or ruptured atherosclerotic plaque with overlying thrombus, possibly, but not likely, coronary spasm with associated thrombus.
>
>    Q. That's really -- **It was the blockage of that artery that actually caused the man's death?**
>
>    A. **Yes.**

(Lauridson Dep. p. 105 ln. 14 – p. 106 ln. 7). This is a "clear answer to [an] unambiguous question[s] which negate[s] the existence of any genuine issue of material fact." *Porterfield v. Flowers Baking Co. of Opelika, LLC*, Slip Copy 2007 WL 4373006 (M.D. Ala. Dec. 12, 2007) (citing *Van T. Junkins,* 736 F.2d at 657). Prior to giving this definitive statement on the **cause of death**, Lauridson was asked if he had explained his opinions fully and he responded affirmatively:

>    Q. And you've explained all that for me on the Record today?
>
>    A. I've answered – I believe I've answered your questions that you've asked today.

(Lauridson Dep. p. 104 ln. 17 – 21) Thus, the deposition testimony stands for the proposition that the **cause of death was the blockage of the artery.**

On the other hand, after seeing the holes in his deposition testimony, Lauridson now provides this Court with an affidavit contrary to that testimony. Lauridson opines that the blockage of the artery (occlusion) was the "**mechanism of death**." (*See* Doc. 53-2, p. 6) (emphasis in original). He opines that "the **cause of death** of Mr. Woodley was the cervical spine fracture incurred in a motor vehicle accident." (Doc. 53-2, p. 6) (emphasis in original). This language is a direct contradiction to his deposition testimony regarding the cause of death and thereby invalidates Lauridson's affidavit under the rule established in *Van T. Junkins* and extended to non-parties in *Fischer* and *Kearns*.

II.    **The Affidavit is not a clarification.**

Lauridson's affidavit should be struck because it does not serve as a clarification, but rather a contradiction of prior testimony. In his affidavit, Lauridson states, "the forensic pathologist is trained to recognize mechanisms of death and to differentiate the mechanism of death from the cause of death." (Doc. 53-2, p. 5). He goes on to say that the clear delineation of cause of death from mechanism of death is critical in medical legal cases. *Id.* However, in his deposition, he states the <u>cause</u>, and <u>not the mechanism</u>, of death was the occlusion.

>    Q.    That's really -- **It was the blockage of that artery that actually caused the man's death?**
>
>    A.    **Yes.**

(Lauridson Dep. p. 106 ln. 4 – 7). Lauridson's affidavit claims a distinction in the medical community between mechanism and cause. However, the affidavit invalidates the opinion offered at deposition and is therefore contradictory and must be excluded under the prevailing law of this Circuit. Lauridson now says in his affidavit that what he testified to be the **cause** of death really is not the **cause** of death and tries to label it as the **mechanism** of death so that he can say something else was the **cause**.

Lauridson also contradicts the certainty of the opinion he offers in his deposition:

> Q. What caused that artery to be completely blocked?
>
> A. Without an autopsy, one can't be very specific. It might have been purely a thrombus or it might have been a plaque rupture with associated development of a thrombus.

(Lauridson Dep. p. 98 ln. 22 – p. 99 ln. 5). However, in his subsequent affidavit he states: "When documentation is definitive with a test showing a clear mechanism of death, then the forensic pathologist can determine cause of death with reasonable degree of medical certainty without the need of an autopsy." (Doc. 53-2 p. 6). Lauridson could not be "very specific" at his deposition, but now opines "with reasonable degree of medical certainty" regarding the causation element of the plaintiff's cause of action. This contradiction requires Lauridson's affidavit to

be struck and further supports the defendants' pending arguments that Lauridson's testimony be excluded altogether.

### III. The affidavit is contradictory to the deposition regarding the medical findings.

Lauridson's affidavit is contradictory with regard to the medical evidence and findings in this case. At deposition, Lauridson testified that an autopsy was required to determine what caused Woodley's artery to be occluded. (Lauridson Dep. p. 98 ln. 22 – p. 99 ln. 5). He says that the occlusion could have occurred as a result of a thrombus, a plaque rupture with associate thrombus, or even a coronary spasm. (Lauridson Dep. p. 105 ln. 14 – p. 106 ln. 7). However, in his affidavit, Lauridson claims: "Stress and injury to the overlying epithelial caps of these plaques resulted in rupture of these plaques and the development of an acute coronary syndrome leading to occlusion of his coronary artery and subsequent fatal myocardial infarction." (Doc. 53-2, p. 9). This factual determination made in his affidavit, is one that Lauridson testified at deposition was impossible without an autopsy. Again, the contractions between the two, requires the subsequent affidavit to be struck by this court.

### IV. Incorporation of additional arguments.

In further support of this motion, the defendants hereby incorporate by reference, the arguments set forth in their reply to Plaintiff's Opposition to

Defendants' Motion to Exclude and reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment filed contemporaneously herewith.

## CONCLUSION

Under the law of this Circuit, a contradictory affidavit must be struck when offered in support or defense of a motion for summary judgment. This court is faced with circumstances that fall directly within this requirement. The plaintiff should not be permitted to prevail at summary judgment through the use of an affidavit that contradicts the witness' deposition testimony.

WHEREFORE, PREMISES CONSIDERED, the defendants request this Honorable Court to grant the motion and exclude the testimony of James L. Lauridson, M. D.

        Respectfully submitted,

        s/ Matthew W. Robinett
        WILLIAM C. WOOD
        WOO007 – ASB-2689-DA4W
        MATTHEW W. ROBINETT
        ROB127 – ASB-3523-172M
        *Attorneys for Defendants*
        NORMAN, WOOD, KENDRICK & TURNER
        Financial Center, Suite 1600
        505 20th Street North
        Birmingham, AL  35203
        Telephone:  (205) 328-6643
        Fax:            (205) 251-5479
        Email:        wood@nwkt.com
                       mrobinett@nwkt.com

STANLEY ALLEN CASH
CAS002 – ASB-8923-A31S
*Attorney for Defendants*
HUIE FERNAMBUCQ & STEWART LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
Telephone:  (205) 251-1193
Fax:             (205) 251-1256
Email:          sac@hfsllp.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION**

| | | |
|---|---|---|
| **LILIAN WOODLEY, as the** | * | |
| **administratrix of the Estate of** | * | |
| **RUFUS WOODLEY,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| v. | * | CASE No.: 2:07-CV-74-ID |
| | * | |
| **PFG-LESTER BROADLINE, INC.,** | * | |
| **KENNETH O. LESTER COMPANY,** | * | |
| **INC., et al.,** | * | |
| | * | |
| **Defendants.** | * | |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2008, I electronically filed the foregoing with the Clerk of the Court through the CM/ECF system which will send notification of such filing to the following:

Michael J. Crow
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, PC
P.O. Box 4160
Montgomery, AL 36103-4160

        Respectfully submitted,

        s/ Matthew W. Robinett
        WILLIAM C. WOOD
        WOO007 – ASB-2689-DA4W
        MATTHEW W. ROBINETT
        ROB127 – ASB-3523-172M
        *Attorneys for Defendants*
        NORMAN, WOOD, KENDRICK & TURNER
        Financial Center, Suite 1600
        505 20th Street North

Birmingham, AL  35203
Telephone:  (205) 328-6643
Fax:             (205) 251-5479
Email:         wood@nwkt.com
                    mrobinett@nwkt.com

STANLEY ALLEN CASH
CAS002 – ASB-8923-A31S
*Attorney for Defendants*
HUIE FERNAMBUCQ & STEWART LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
Telephone:  (205) 251-1193
Fax:             (205) 251-1256
Email:         sac@hfsllp.com