IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | | |
|---|---|---|
| **LILIAN WOODLEY, as the** | * | |
| **administratrix of the Estate of** | * | |
| **RUFUS WOODLEY,** | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | CASE No.:  2:07-CV-74-ID |
| | * | |
| **PFG-LESTER BROADLINE, INC.,** | * | |
| **KENNETH O. LESTER COMPANY,** | * | |
| **INC., et al.,** | * | |
| | * | |
| Defendants. | * | |

### DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION OF DEFENDANTS' MOTION TO EXCLUDE

COME NOW the defendants, by and through the undersigned counsel, and submits the following reply to the Plaintiff's Opposition to Defendants' Motion for Exclude, (Doc. 50).  In reply and response to said motion, the defendants say as follows:

### ARGUMENT

I.  **Lauridson's affidavit is due to be struck, and the opinion set forth in his Rule 26 disclosures and deposition, is the only information to be considered.**

As set forth in Defendant's Motion to Strike, filed contemporaneously herewith, Lauridson's affidavit is due to be stuck.  Therefore, is not to be

1

considered by this Court when determining the admissibility of Lauridson's testimony.

The plaintiff seeks to bolster the qualifications and methodology of her expert by filing his affidavit. However, because this affidavit is due to be struck, it does not serve to permit Lauridson to testify. This Court must make this determination based solely on the Rule 26 disclosures and Lauridson's deposition testimony.

## II.     Even if the affidavit is permissible, Lauridson's testimony is due to be excluded.

Even if Lauridson's affidavit permissible, his testimony is inadmissible under *Daubert* and the Federal Rules of Evidence because his methodology is flawed. Lauridson states, "When the documentation is definitive with the tests showing a clear mechanism of death, the forensic pathologist can determine cause of death with a reasonable degree of medical certainty without the need of an autopsy." (Doc. 53-2, p. 6). However, in his deposition, Lauridson says that an autopsy is necessary in order to determine what caused the occlusion and without an autopsy you cannot determine what actually blocked the artery. (Lauridson Dep. p. 105 ln. 14 – p. 106 ln. 7). It could have been "a thrombus, ruptured plaque with associated thrombus, or a coronary spasm." *Id.* Lauridson admits that this test was not performed. (Lauridson Dep. p. 33 ln. 7-15) Therefore, there is no definitive test showing a clear cause of death without an autopsy. Thus, by

Lauridson's own admission, his methodology in determining cause of death is flawed.

### III. Incorporation of additional arguments.

In further support of this motion, the defendants hereby incorporate by reference, the arguments set forth in their Motion to Strike the Affidavit of James R. Lauridson, M.D. and reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment filed contemporaneously herewith.

WHEREFORE, PREMISES CONSIDERED, the defendants pray that this Honorable Court grant their motion to exclude.

Respectfully submitted,

s/ Matthew W. Robinett
WILLIAM C. WOOD
WOO007 – ASB-2689-DA4W
MATTHEW W. ROBINETT
ROB127 – ASB-3523-172M
*Attorneys for Defendants*
NORMAN, WOOD, KENDRICK & TURNER
Financial Center, Suite 1600
505 20th Street North
Birmingham, AL  35203
Telephone:  (205) 328-6643
Fax:        (205) 251-5479
Email:      wood@nwkt.com
            mrobinett@nwkt.com

STANLEY ALLEN CASH
CAS002 – ASB-8923-A31S
*Attorney for Defendants*

HUIE FERNAMBUCQ & STEWART LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
Telephone:   (205) 251-1193
Fax:              (205) 251-1256
Email:          sac@hfsllp.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA,
# NORTHERN DIVISION

| | |
|---|---|
| **LILIAN WOODLEY, as the** administratrix of the Estate of **RUFUS WOODLEY,** * * * * | |
| **Plaintiffs,** * * | |
| v. * * | CASE No.:  2:07-CV-74-ID |
| **PFG-LESTER BROADLINE, INC., KENNETH O. LESTER COMPANY, INC., et al.,** * * * * | |
| **Defendants.** * | |

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2008, I electronically filed the foregoing with the Clerk of the Court through the CM/ECF system which will send notification of such filing to the following:

Michael J. Crow
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, PC
P.O. Box 4160
Montgomery, AL 36103-4160

        Respectfully submitted,

        s/ Matthew W. Robinett
        WILLIAM C. WOOD
        WOO007 – ASB-2689-DA4W
        MATTHEW W. ROBINETT
        ROB127 – ASB-3523-172M
        *Attorneys for Defendants*
        NORMAN, WOOD, KENDRICK & TURNER
        Financial Center, Suite 1600
        505 20th Street North

        Birmingham, AL  35203
        Telephone:   (205) 328-6643
        Fax:              (205) 251-5479
        Email:           wood@nwkt.com
                        mrobinett@nwkt.com

        STANLEY ALLEN CASH
        CAS002 – ASB-8923-A31S
        *Attorney for Defendants*
        HUIE FERNAMBUCQ & STEWART LLP
        Three Protective Center
        2801 Highway 280 South, Suite 200
        Birmingham, AL 35223-2484
        Telephone:   (205) 251-1193
        Fax:              (205) 251-1256
        Email:           sac@hfsllp.com