IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | | |
|---|---|---|
| **LILIAN WOODLEY, as the** | * | |
| **administratrix of the Estate of** | * | |
| **RUFUS WOODLEY,** | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | CASE No.: 2:07-CV-74-ID |
| | * | |
| **PFG-LESTER BROADLINE, INC.,** | * | |
| **KENNETH O. LESTER COMPANY,** | * | |
| **INC., et al.,** | * | |
| | * | |
| Defendants. | * | |

**REPLY TO PLAINTIFF'S OPPOSITION
OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

COME NOW the defendants, by and through the undersigned counsel, and submits the following reply to the Plaintiff's Opposition to Defendants' Motion for Summary Judgment (Doc. 51). In reply and response to said motion, the defendants say as follows:

**ARGUMENT**

I. **The plaintiff's cause of death/mechanism of death distinction is improper and cannot support her argument against summary judgment.**

1

Under this court Scheduling Order and Rule 26 of the Federal Rules of Civil Procedure, Lauridson's opinion regarding mechanism of death cannot be offered in support of the plaintiff's summary judgment. Rule 26 states:

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report — prepared and signed by the witness — if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the data or other information considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26 (A)(2)(b).

The affidavit submitted in support of the plaintiff's opposition to summary judgment offers opinions not disclosed as required under Rule 26. There was no information supplied, as required under the rule, in Lauridson's Rule 26 disclosure that will provide testimony distinguishing cause of death from mechanism of death. (*See*, Lauridson's Rule 26 Disclosure, attached hereto as Ex. A). It is not until this eleventh hour affidavit (Doc. 53-2) by which these defendants are put on

notice of such an opinion. However, the rule specifically states that there must be a complete statement of <u>all</u> opinions the witness will express and the basis and reason for those opinions. Fed. R. Civ. P. 26 (A)(2)(b)(i). Clearly, the opinion differentiating cause of death from mechanism of death should have been provided prior to this response affidavit.

Additionally, the rule required that all data or other information considered by the witness must be disclosed. Fed. R. Civ. P. 26 (A)(2)(b)(ii). However, it is not until the affidavit of the plaintiff's expert that the defendants are made aware of the learned treatises, mathematical formulas, and other information that has been relied upon to form her expert's opinions. Because of this failure to comply with Rule 26, the plaintiff cannot rely on this affidavit in support of her position at this phase of the litigation. Therefore summary judgment should be granted in favor of the defendants.

**II. The plaintiff has failed to present a genuine issue of material fact allowing her to survive summary judgment.**

    a. <u>The plaintiff cannot present sufficient evidence of causation.</u>

The plaintiff seeks to show this court that she has met her burden of causation by supporting her opposition brief with the Affidavit of James R. Lauridson, M. D. (Doc. 53-2). However, as set forth in the Defendants' Motion to Strike, filed contemporaneously herewith, Lauridson's affidavit is not sufficient to

meet the plaintiff's burden. It is due to be struck because it is in direct contradiction to the witness' deposition testimony.

Further, the plaintiff admits that Dr. Silvio Papapietro cannot supply the necessary testimony. (Doc. 51, p. 11-12). In essence, the plaintiff dismisses Papapietro altogether. She rests her entire basis for causation on Lauridson; her hired expert, an expert that admits, "the legal process would be subverted," by not recognizing the distinction between the cause and the mechanism of death. (*See*, Doc 53-2, p. 5-6 and Doc. 50, p. 5). However, it is not until the eleventh hour, in his third submission of an opinion in this matter, that Lauridson attempts to make this distinction. Clearly, the plaintiff has failed to meet her burden with regard to an essential element of her cause of action, and therefore summary judgment should be granted in favor of the defendants.

   b. <u>The plaintiff has failed to refute that causation is properly resolved as a matter of law.</u>

The defendants have fully briefed this issue in their Brief in Support of Motion for Summary Judgment. (Doc. 43). In the defendants' brief, the defendants argued that under the prevailing case law in Alabama, there are circumstances in which the issue of proximate cause is and should be resolved as a matter of law. *See, Vesta Fire. Ins. Corp. v. Milam & Co. Const., Inc.*, 901 So. 2d 100-101 (Ala. 2004). The court in *Vesta Fire Ins. Corp.* clearly requires that there be a selective

application of the causation theory to the case at bar. If one theory is just as likely as the other, the plaintiff has not met her burden on causation and cannot survive summary judgment. This has not been refuted by the plaintiff. Additionally, the plaintiff's own evidence in support of her opposition brief is not selectively applied under the requirements of *Vesta Fire Ins. Corp.* Lauridson's affidavit states with emphasis:

> There are three possible causes of the occlusion of the coronary artery of Mr. Woodley. They are a clot (thrombus), clot on a ruptured plaque and coronary artery spasm associated with plaque. It is possible that all three of these causes played a role in the occlusion. It is also more probable than not that all of these, i.e., thrombus, clot on ruptured plague [sic] and coronary artery spasm, were caused by the complication of the spine fracture documents above.

(Doc. 53-2, p. 9-10) (emphasis in the original). However, at deposition Lauridson testified:

> Q. Do you have any opinion as to what caused that hundred percent occlusion?
>
> A. Without an autopsy, one cannot be certain. It was thrombus or ruptured atherosclerotic plaque with overlying thrombus, possibly, but not likely, coronary spasm with associated thrombus.
>
> Q. That's really -- It was the blockage of that artery that actually caused the man's death?
>
> A. Yes.

(Lauridson Dep. p. 105 ln. 20 – p. 106 ln. 7). As the Alabama Supreme Court noted in *Azalea Box Co.,* 508 So. 2d 253 (Ala. 1987) when evidence points equally

5

to inferences that are favorable and to inferences that are unfavorable t, the evidence lacks probative value; and the evidence may not be used to support one inference over another because such use is mere conjecture and speculation. In the end, the all of the testimony of Lauridson remains speculation and there is clearly no selective application of one theory and summary judgment is due to be granted in favor of the defendants.

    c. <u>The defendants are not required to show an alternative theory of causation.</u>

In the plaintiff's opposition brief, she spends considerable time discussing the failure of the defendants to present an alternative theory of causation. (*See*, Doc. 51, p. 9-13). However, this is not the defendants' burden on summary judgment. <u>The plaintiff has cited no case law to support anything to the contrary.</u> "As established in *Celotex*, it is not necessary for the movant to introduce any evidence in order to prevail on summary judgment." Wright, Miller & Kane *Federal Practice and Procedure Civil 3d* § 2727. Rather, in cases where the nonmoving party, the plaintiff, will bear the burden of proof at trial, the movant can seek summary judgment by establishing that the opposing party has insufficient evidence to prevail as a matter of law. *Id.* Therefore, there is no burden on the defendants to provide an alternative causation theory and summary judgment is due to be granted in their favor.

### III.   Incorporation of additional arguments.

In further support of this rely brief, the defendants hereby incorporate by reference, the arguments set forth in their reply to Plaintiff's Opposition to Defendants' Motion to Exclude and Defendant's Motion to Strike the Affidavit of James R. Lauridson, M.D. filed contemporaneously herewith.

### **CONCLUSION**

Summary judgment is due to be granted in favor of the defendants.  The only response to the arguments in favor of summary judgment by these defendants in their initial motion and brief comes in the form of an affidavit from the plaintiff's hired witness.  This affidavit should be struck under the law as set forth in Defendants' Motion to Strike.  The plaintiff is left with the testimony on causation provided by her experts at their depositions and this testimony is insufficient to carry the plaintiff's cause forward.

WHEREFORE, PREMISES CONSIDERED, the defendants pray that this Honorable Court grant summary judgment against the plaintiff and enter a judgment in favor of the defendants as a matter of law.

Respectfully submitted,

s/ Matthew W. Robinett  
WILLIAM C. WOOD  
WOO007 – ASB-2689-DA4W  
MATTHEW W. ROBINETT

ROB127 – ASB-3523-172M
*Attorneys for Defendants*
NORMAN, WOOD, KENDRICK & TURNER
Financial Center, Suite 1600
505 20th Street North
Birmingham, AL  35203
Telephone:  (205) 328-6643
Fax:             (205) 251-5479
Email:         wood@nwkt.com
                    mrobinett@nwkt.com

STANLEY ALLEN CASH
CAS002 – ASB-8923-A31S
*Attorney for Defendants*
HUIE FERNAMBUCQ & STEWART LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
Telephone:  (205) 251-1193
Fax:             (205) 251-1256
Email:         sac@hfsllp.com

8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA,
# NORTHERN DIVISION

| | |
|---|---|
| **LILIAN WOODLEY, as the** | * |
| **administratrix of the Estate of** | * |
| **RUFUS WOODLEY,** | * |
| | * |
| **Plaintiffs,** | * |
| | * |
| v. | *   CASE No.:  2:07-CV-74-ID |
| | * |
| **PFG-LESTER BROADLINE, INC.,** | * |
| **KENNETH O. LESTER COMPANY,** | * |
| **INC., et al.,** | * |
| | * |
| **Defendants.** | * |

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2008, I electronically filed the foregoing with the Clerk of the Court through the CM/ECF system which will send notification of such filing to the following:

Michael J. Crow
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, PC
P.O. Box 4160
Montgomery, AL 36103-4160

          Respectfully submitted,

          s/ Matthew W. Robinett
          WILLIAM C. WOOD
          WOO007 – ASB-2689-DA4W
          MATTHEW W. ROBINETT
          ROB127 – ASB-3523-172M
          *Attorneys for Defendants*
          NORMAN, WOOD, KENDRICK & TURNER
          Financial Center, Suite 1600
          505 20th Street North

<tr>
<td>
</td>
</tr>

Birmingham, AL  35203
Telephone:  (205) 328-6643
Fax:             (205) 251-5479
Email:         wood@nwkt.com
                    mrobinett@nwkt.com

STANLEY ALLEN CASH
CAS002 – ASB-8923-A31S
*Attorney for Defendants*
HUIE FERNAMBUCQ & STEWART LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
Telephone:  (205) 251-1193
Fax:             (205) 251-1256
Email:         sac@hfsllp.com

# Exhibit A

Case 2:07-cv-00074-WHA-TFM     Document 57-2     Filed 05/13/2008     Page 1 of 6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| LILLIAN WOODLEY as the administratrix of the Estate of RUFUS WOODLEY, <br><br> Plaintiffs, <br><br> v. <br><br> PFG-LESTER BROADLINE, INC.; KENNETH O. LESTER COMPANY, INC., <br><br> Defendants. | CIV. ACT. NO.: 2:07cv74-ID |

## PLAINTIFF'S EXPERT DISCLOSURES

Plaintiff, Lillian Woodley, pursuant to the Court's Order dated March 13, 2007 hereby discloses the identity of the following persons who may be used at the trial of this matter:

1. Silvo Papapietro;
2. James Lauridson.

_/s/ Michael Crow_
MICHAEL J. CROW (CRO039)
Attorney for Plaintiffs

OF COUNSEL:

BEASLEY, ALLEN, CROW,
 METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
(334) 269-2343

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon all counsel of record listed below via e-file, on this the 22nd day of October, 2007.

_____
OF COUNSEL

Matthew W. Robinett
William C. Wood
Norman, Wood, Kendrick and Turner
Financial Center, Suite 1600
505 Twentieth Street North
Birmingham, Alabama 35203

# Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.

| | | | | |
|---|---|---|---|---|
| JERE LOCKE BEASLEY | DANA G. TAUNTON | *Attorneys at Law* | JOHN E. TOMLINSON | ALSO ADMITTED IN ARIZONA |
| J. GREG ALLEN | J. MARK ENGLEHART | 238 COMMERCE STREET | NAVAN WARD, JR. | ALSO ADMITTED IN ARKANSAS |
| EL J. CROW | CLINTON C. CARTER | POST OFFICE BOX 4160 | WESLEY CHADWICK COOK | ALSO ADMITTED IN FLORIDA |
| S J. METHVIN | BENJAMIN E. BAKER, JR. | MONTGOMERY, ALABAMA | WILLIAM H. ROBERTSON, V | ALSO ADMITTED IN GEORGIA |
| J. COLE PORTIS | DAVID B. BYRNE, III | 36103-4160 | H. CLAY BARNETT, III | ALSO ADMITTED IN KENTUCKY |
| W. DANIEL MILES, III | TED G. MEADOWS | (334) 269-2343 | | ALSO ADMITTED IN LOUISIANA |
| R. GRAHAM ESDALE, JR. | FRANK WOODSON | | | ALSO ADMITTED IN MINNESOTA |
| JULIA ANNE BEASLEY | KENDALL C. DUNSON | TOLL FREE | OF COUNSEL: | ALSO ADMITTED IN MISSISSIPPI |
| RHON E. JONES | SCARLETTE M. TULEY | (800) 898-2034 | ALYCE S. ROBERTSON | ALSO ADMITTED IN MISSOURI |
| LABARRON N. BOONE | ROMAN ASHLEY SHAUL | | RUSSELL T. ABNEY | ALSO ADMITTED IN NEW YORK |
| ANDY D. BIRCHFIELD, JR. | W. ROGER SMITH, III | TELECOPIER | | ALSO ADMITTED IN OHIO |
| RICHARD D. MORRISON | P. LEIGH O'DELL | (334) 954-7555 | | ALSO ADMITTED IN OKLAHOMA |
| C. GIBSON VANCE | D. MICHAEL ANDREWS | | | ALSO ADMITTED IN PENNSYLVANIA |
| J. P. SAWYER | BENJAMIN L. LOCKLAR | BEASLEYALLEN.COM | | ALSO ADMITTED IN SOUTH CAROLINA |
| C. LANCE GOULD | LARRY A. GOLSTON, JR. | | | ALSO ADMITTED IN TENNESSEE |
| JOSEPH H. AUGHTMAN | MELISSA A. PRICKETT | | | ALSO ADMITTED IN TEXAS |
| | | | | ALSO ADMITTED IN WASHINGTON, D.C. |
| | | | | ALSO ADMITTED IN WEST VIRGINIA |
| | | | | NOT LICENSED IN ALABAMA |

JAMES W. TRAEGER
1953-1987

RONALD AUSTIN CANTY
1963-2004

December 18, 2007

Mr. William C. Wood, Jr.
Norman, Wood, Kendrick and Turner
Financial Center, Suite 1600
505 Twentieth Street North
Birmingham, Alabama 35203

    RE:    Woodley, Lillian v. Kenneth Lester Company, Inc.

Dear Bill:

    Enclosed, you will find a copy of Plaintiff's Expert Disclosure and his Rule 26(b) information.

    If you need anything further, please do not hesitate to let me know.

                      My best regards,

                      BEASLEY, ALLEN, CROW,
                        METHVIN, PORTIS & MILES, P.C.

                      *Mike Crow/anc*

                      MICHAEL J. CROW

MJC/anc

Enclosure



DEC 19 2007

In matter of the death of Robert R. Woodley, following a motor vehicle accident and cervical spine injury on August 18, 2006, I have reviewed the emergency medical records from Dekalb Regional Medical Center, medical records of hospitalization at the University of Alabama at Birmingham, the medical records of Dr. John Williams, and the medical records of Dr. Martin Wybenga.

Mr. Woodley's coronary artery disease was treated by Dr. Williams. Mr. Woodley initially presented with angina, which was established to be due to coronary artery disease of the right coronary artery. A stent was placed in the right coronary artery on July 29, 2003 and because of continuing symptoms. Coronary angiography was again conducted on August 19, 2003. At that time, Mr. Woodley was found to have calcifications of his right coronary artery as well as calcification of the left anterior descending diagonal branch that prevented further placement of intraluminal stents. It was felt at that time that Mr. Woodley was a candidate for bypass surgery.

However, over the next three years. Mr. Woodley's cardiac condition stabilized with the exception of occasional mild chest pain. He did not require bypass surgery. On July 11, 2006 on a visit to Dr. Williams, Mr. Woodley was free of symptoms and considered to be doing well. His blood pressures were stable. An electrocardiogram, conducted by Dr.Wybenga on March 6, 2006 was normal except for insignificant sinus arrhythmia.

On August 18, 2006 Mr. Woodley was involved in a motor vehicle accident resulting in severe paralytic cervical spine injury. He underwent surgical repair of the injury, but had very little recovery of neurologic function. His postoperative course was complicated by shifts in blood pressure and fluid imbalance, complications common following spinal cord injury. At one point his documented blood pressure got as low as 93/40. After transfer to Spain Rehabilitation Center he continued to have labile blood pressures as low as systolic in the 90s and the diastolic in the 40s.

On August 31, 2006. He suffered a cardiac arrest, and after resuscitation remained in cardiogenic shock. He was noted to have probable fluid overload as well as electrolyte disturbances at that time. Cardiac catheterization after the arrest revealed a 50 to 60% occlusion of the left main coronary artery, 50% occlusion that portion of the left anterior descending coronary artery, a 30% occlusion of the diagonal coronary artery and calcification and occlusion of the proximal portions of the right coronary artery. He expired September 1, 2006.

In summary, Mr. Woodley had known severe coronary disease for several years, but prior to the automobile accident had been well managed and was clinically stable and active. However, following the severe cervical spinal cord injury, and due to the associated cardiovascular complications and stress. He suffered progressive cardiac deterioration leading to cardiac arrest and eventual death.

James R. Lauridson, MD
October 17, 2007

I do not have a written record of prior court testimonies and depositions. I have testified over 200 times in criminal and civil court proceedings. A partial summary of recent testimony includes criminal cases: State versus Jones, Arkansas, 2007; US versus Seale, Mississippi, 2007; State versus McLemore, Alabama, 2007; civil cases: Upton, versus RPS, Alabama, 2006.

My professional fee for case review is $300/hour