IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

LILLIAN WOODLEY as the \*
administratrix of the Estate of RUFUS \*
WOODLEY, \*
\*
    Plaintiffs, \*
\*
v.         \*   CIV. ACT. NO.: 2:07cv74-ID
\*
PFG-LESTER BROADLINE, INC.; \*
KENNETH O. LESTER COMPANY, \*
INC., \*
\*
    Defendants. \*
                             \*

**PRETRIAL ORDER**

    A pretrial hearing was held in this case on May 20, 2008, wherein the following proceedings were held and actions taken:

    1.    <u>PARTIES AND TRIAL COUNSEL:</u>

| | |
|---|---|
| Plaintiff: | **Lillian Woodley** |
| Plaintiffs' counsel: | Michael J. Crow of Beasley, Allen, Crow, Methvin, Portis and Miles, 218 Commerce Street, Montgomery, Alabama 36104 |
| Defendants: | **PFG-Lester Broadline, Inc. & Kenneth O. Lester Company, Inc.** |
| Defendants' counsel: | Kenneth O. Lester, Inc., William Wood & Matthew Robinett of Norman, Wood, Kendrick and Turner: Financial Center, Suite 1600, 505 Twentieth Street North, Birmingham, Alabama 35203 |
| | PFG-Lester Broadline, Inc., Stan Cash of Huie, Fernambucq & Stewart, LLP; 2801 Highway 280 South, Suite 200; Birmingham, Alabama 35223-2484. |

COUNSEL APPEARING AT PRETRIAL HEARING:  Same as trial counsel.

2. JURISDICTION:  This Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §1332.

3. PLEADINGS:  The following pleadings and amendments were allowed:

Complaint and Amended Complaint on behalf of the plaintiff; Answers to Complaint and Amended Complaint on behalf of the defendants.

4. CONTENTIONS OF THE PARTIES:

(a) The plaintiffs:

On August 18, 2006, Rufus Woodley and his wife, Lillian Woodley were traveling north on Interstate Highway 59 near Collinsville, Alabama when he attempted to pass the Defendants' tractor trailer in the left lane.  As Mr. Woodley was passing the truck, it moved into the left-hand lane and forced Mr. Woodley to take evasive action.  He moved off the roadway and lost control of his vehicle in the median.

As a result of the wreck, Mr. Woodley suffered a subluxation of C6-7 cervical vertebrae and a compression fraction of C7, which left Mr. Woodley paralyzed from the chest down.  Subsequently, on September 1, 2006, Mr. Woodley died of a heart attack caused by both the physical and emotional stress caused by his spinal cord injury.

The Plaintiff further contends that one or both Defendants were negligent and/or wanton in one or more of the following ways:

    1.) Respondent superior of the actions of the driver, Julius Abonyo;

    2.) Failing to supervise Julius Abonyo;

    3.) In retaining Julius Abonyo;

    4.) By entrusting a vehicle to Julius Abonyo, who was an incompetent and/or reckless driver.

(b) The defendants:

Defendants deny they are guilty of any negligent or wanton conduct or that they breached any duty of care owed to the plaintiff and/or plaintiff's decedent. Defendants further deny each of the specific allegations raised in the Complaint and Amended Complaint, including the claims for negligence; wantonness; negligent/wanton entrustment; and negligent/wanton hiring, retention and supervision.

Defendants deny that Rufus Woodley's death was proximately caused by injuries sustained in the subject accident or that Rufus Woodley's death was otherwise proximately caused by any negligent or wanton act or omission by the defendants.

Defendants aver that Rufus Woodley's death was the result of a superseding and/or intervening cause.

Defendants aver that the decedent was guilty of contributory negligence, which bars recovery in this action.

Defendant PFG-Lester Broadline, Inc. denies that Julius Abonyo was employed by this defendant. PFG-Lester Broadline, Inc. further denies that Julius Abonyo was acting as an agent of the defendant on the date of the subject accident or any other time relevant hereto. As such, this defendant cannot be held liable under respondeat superior.

5. STIPULATIONS BY AND BETWEEN THE PARTIES:

    (a) This Court has both personal and subject matter jurisdiction over the parties.

    (b) August 18, 2006 is the date of the accident.

  (c) September 1, 2006 is the date Rufus Woodley died.

 6. Counsel will receive a trial docket approximately one month prior to the trial term.

 It is ORDERED as follows:

 (1) Jury selection is set at 10:00 a.m. on the 23rd day of June, 2008, in Montgomery, Alabama.

 (2) The trial, which is to last three days, is set to begin during the term of court commencing the 23rd day of June, 2008, in Montgomery, Alabama.

 (3) The parties are to file motions in limine (to be fully briefed), no later than three weeks prior to jury selection.

 (4) The parties are to file the following no later than two weeks prior to jury selection:

  a. requested voir dire questions, **Note: Voir Dire questions should not duplicate in the jury questionnaire ,** and

  b. proposed jury instructions together with citations of authority in support of each proposed instruction.

 (5) All understandings, agreements, and stipulations contained in this pretrial order shall be binding on all parties unless that Order be hereafter modified by order of the court.

 CONSIDERED and ORDERED this 22nd day of May, 2008.

      /s Ira DeMent
      SENIOR UNITED STATES DISTRICT JUDGE