IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LILLIAN WOODLEY, as the Administratrix of the Estate of Rufus Woodley, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. 2:07cv74-ID |
| PFG-LESTER BROADLINE, INC.; KENNETH O. LESTER COMPANY, INC., | ) ) ) ) ) | |
| Defendants | ) | |

## DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EXHIBIT AND AMENDED EXHIBIT LISTS

COMES NOW the Defendants and objects to Plaintiff's Exhibit List and Amended Exhibit List as follows:

1. Defendants object to Item No. 30 of Plaintiff's Exhibit List. Any such evidence or testimony concerning a moving violation that occurred on February 1, 1998, eight and half years prior to the subject accident, is irrelevant, too remote, unduly prejudicial, and would merely be designed to invoke the passions and emotions of the jury.

2. Defendants object to Item No. 31 of Plaintiff's Exhibit List. Any evidence or testimony concerning a moving violation that occurred in December, 1999, six years prior to the subject accident, is irrelevant, too remote, unduly prejudicial, and would merely be designed to invoke the passions and emotions of the jury.

3.  Defendants object to Item No. 32 of Plaintiff's Exhibit List. Any evidence or testimony concerning a moving violation that occurred in December, 2000, five years prior to the subject accident, is irrelevant, too remote, unduly prejudicial, and would be designed to merely invoke the passions and emotions of the jury.

4.  Defendants objects to Item No. 33 of Plaintiff's Exhibit List. A moving violation that occurred in November, 2001, almost five years prior to the subject accident, is irrelevant, too remote, and unduly prejudicial. Defendant further objects to the extent the information contained in Item No. 33 regarding the December, 2000 moving violation is duplicative to that contained in Item 32 of Plaintiff Exhibit List.

5.  Defendants objects to Item No. 53 of Plaintiff's Exhibit List. Driver logs for the month of August, 2006 are irrelevant, immaterial, too remote, and are inadmissible. The issue in the case is not whether the Defendant's driver was negligent for violating the *Federal Motor Carrier Safety Regulations,* but whether the driver was negligent in causing the vehicle operated by Plaintiff's decedent to leave the roadway, since the alleged proximate cause of the accident was failure to properly operate a motor vehicle, not failure follow the federal regulations.

6.  Defendants object to Item No. 54 of Plaintiff's Exhibit List. The driver logs dated June 23, 2006 is irrelevant, immaterial, and is inadmissible at trial. The issue in the case is not whether the Defendant's driver was negligent for violating the *Federal Motor Carrier Safety Regulations,* but whether the

2

driver was negligent in causing the vehicle operated by Plaintiff's decedent to leave the roadway, since the alleged proximate cause of the accident was failure to properly operate a motor vehicle, not failure follow the federal regulations.

7.    Defendants object to Item No. 55 of Plaintiff's Exhibit List. The driver log dated June 30, 2006 is irrelevant, immaterial, too remote, and is inadmissible at trial. The issue in the case is not whether the Defendant's driver was negligent for violating the *Federal Motor Carrier Safety Regulations,* but whether the driver was negligent in causing the vehicle operated by Plaintiff's decedent to leave the roadway, since the alleged proximate cause of the accident was failure to properly operate a motor vehicle, not failure follow the federal regulations.

8.    Defendant object to Item No. 65 of Plaintiff's Exhibit List. The Affidavit is contradictory to Dr. Lauridson's previous deposition testimony and is inadmissible under Daubert.

9.    Defendants object to Item No. 66 of Plaintiff's Exhibit List. Dais Exhibit is irrelevant and inadmissible under Daubert.

10.    Defendants object to Item No. 68 of Plaintiff's Exhibit List. The report prepared by Dr. Archinegas is irrelevant, time consuming, immaterial, and constitutes inadmissible hearsay, as Dr. Archinegas has been withdrawn and will not be a witness at trial.

11.    Defendants object to Item No. 69 of Plaintiff's Exhibit List. While a deposition may be read into evidence, deposition excerpts are generally not

3

subject to being used as Exhibits at trial. To permit the deposition to go to the jury room may result in the deposition being emphasized unduly against the oral testimony of other witnesses.

12. Defendants object to Item No. 73 of Plaintiff's Exhibit List. Photographs depicting a "PFG" trailer are irrelevant, immaterial, and inadmissible. Performance Food Group ("PFG") is not a Defendant in this case.

13. Defendants object to Item No. 74 of Plaintiff's Exhibit List. Information from the "PFG" website is irrelevant, immaterial, and constitutes inadmissible hearsay. Moreover, "PFG" is not a Defendant in this case.

14. Defendants object to Item No. 80 of Plaintiff's Exhibit List on the grounds that the Item(s) is overbroad, not specific, and undefined.


_/s/ Stan Cash_____
Stanley A. Cash (CAS002)
Attorney for Defendant
PFG Lester Broadline, Inc.


OF COUNSEL:

Huie, Fernambucq & Stewart, LLP
2801 Highway 280 South
Suite 200
Birmingham, AL  35223-2484
(205) 251-1193


_/s/ Matt Robinett_____
William C. Wood
Matthew Robinett
Attorneys for Defendants PFG Lester
Broadline, Inc and Kenneth O. Lester, Co.,
Inc.

OF COUNSEL:

NORMAN, WOOD, KENDRICK & TURNER
Financial Center, Suite 1600
505 Twentieth Street North
Birmingham, AL  35203

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of June, 2008, a copy of the foregoing document has been sent via electronic mail to the following:

Michael J. Crow
BEASLEY ALLEN LAW FIRM
P. O. Box 4160
Montgomery, AL  36103-4160

/s/ Stan Cash
Of Counsel