**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION**

| | | |
|---|---|---|
| **LILIAN WOODLEY, as the** | * | |
| **administratrix of the Estate of** | * | |
| **RUFUS WOODLEY,** | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | CASE No.: 2:07-CV-74-ID |
| | * | |
| **PFG-LESTER BROADLINE, INC.,** | * | |
| **KENNETH O. LESTER COMPANY,** | * | |
| **INC., et al.,** | * | |
| | * | |
| Defendants. | * | |

## DEFENDANTS' MOTIONS IN LIMINE

COME NOW the defendants, and requests this Honorable Court to enter an Order in Limine precluding any party, attorney, or witness in this action from stating, referring to, or implying any of the following at any time during the trial of this case:

**1)** **The existence of insurance coverage for the defendants.** According to Federal Rule of Evidence 411, "evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully." Fed. R. Evid. 411. Further, "It has long been the general rule in Alabama that the admission of evidence or the making of

1

comments indicating or suggesting to the jury that a civil defendant is indemnified in any degree or fashion by an insurance company is prejudicial and constitutes reversible error". *Lowery v. Ward*, 662 So. 2d 224 (Ala. 1995). Thus, under the basic evidentiary rules, reference to any insurance coverage held by the defendants is improper and additionally is irrelevant under Federal Rule of Evidence 401.

**2)** **The wealth or poverty of any of the parties.** The general rule is that no reference would be made to the wealth or poverty of a party. *Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172, 1178 (11th Cir. 2002). Additionally, it has long been held under Alabama law that the financial status of parties is irrelevant. As noted in Rule 414 of the Alabama Rules of Evidence:

> A civil litigant is precluded generally from making the jury privy to litigant's own poverty or an opponent's wealth.

Ala. R. Evid. 414; *See also*, *Kilcrease v. Harris*, 257 So. 2d 797 (Ala. 1972), and *Landers v. Long*, 300 So. 2d 1012 (Ala. Civ. App. 1974). The Alabama Supreme Court has held more recently:

> Evidence of a defendant's wealth is highly prejudicial and, therefore, inadmissible [during trial]."However, evidence of a defendant's wealth is considered relevant and admissible in a post-verdict hearing on alleged excessiveness of a punitive damages award.

*Ex parte Hsu*, 707 So. 2d 223 (Ala. 1997).

Further, the poverty of the plaintiff and the wealth of the defendants have no probative value to the issues before this court and are highly prejudicial to the defendants. Therefore, such evidence is properly excluded pursuant to Federal Rule of Evidence 401 and 403.

**3)     Reference to non-defendant corporations.**  The plaintiff brought this cause of action against two defendants; Kenneth O. Lester Inc. and PFG-Lester Broadline, Inc. It is anticipated that the plaintiff will seeks to elicit testimony and present evidence of non-defendant corporations.  This is improper.  The plaintiff chose only the named defendants.

Evidence of non-defendant corporations, parent companies, or the corporate structure as is relates to the named defendants will only confuse the jury as to the parties ultimately liable in the event of a verdict for the plaintiff.  Any probative value that could be given to this evidence is substantially outweighed by the prejudice to the named defendants.  Therefore, this evidence is inadmissible under Federal Rule of Evidence 401 and 403.

**4)     "Golden Rule" evidence, testimony or argument.**  Any argument that the jurors should "put themselves in Mr. Woodley's shoes," or similar argument to the same effect, would be irrelevant, immaterial, unfairly prejudicial

to the defendants, and would tend to mislead and confuse the jury as to the issue of liability and damages. Such a "Golden Rule" argument by counsel is improper and will ordinarily result in reversal, because it encourages the juror to decide the case on the basis of sympathy rather than from an objective review of the evidence. *Woods v. Burlington N.R.R. Co.*, 768 F.2d 1287, 1292 (11th Cir. 1985) *rev'd on other grounds*, 480 U.S. 1 (1987); *Ivy v. Security Barge Lines, Inc.*, 585 F.2d 732, 741 (5th Cir. 1978) ("Such an argument is universally recognized as improper because it encourage the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence.").

Furthermore, this is a wrongful death case. Under Alabama's wrongful death statute, the only damages allowed are punitive. *See*, Ala Code § 6-5-410 (1975). Any "Golden Rule" argument would simply seek to plant a theory of compensatory damages into the minds of the jury. Under Federal Rule of Evidence 401 and 403 any such argument should be excluded.

**5)    Subsequent remedial measures.**    Any evidence of subsequent remedial measures is inadmissible. As noted in Rule 407 of the Federal Rules of Evidence:

> When, after and injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a

>   defect in a product, a defect in a product's design, or a need for a warning or instruction.

Fed. R. Evid. 407.

The defendants move in limine to prevent plaintiff's counsel from arguing subsequent remedial measures or arguing that there were or should have been subsequent remedial measures. If the plaintiff makes an issue of subsequent remedial measures, then the defendants may have to respond with further evidence of subsequent remedial measure that have nothing to do with this accident. By allowing the plaintiff to go into this area, the court opens a Pandora's Box to irrelevant testimony and evidence that strays far from the real issue in this case.

**6)    Employment status of the driver.** The defendants move in limine to prevent plaintiff counsel from arguing or introducing evidence of the current employment status of the driver, Julius Abonyo. This is improper.

In *Wanke v. Lynn's Transp. Co*., 836 F. Supp. 587 (N.D. Ind. 1993), the Court held that evidence of an employee's dismissal after the alleged accident was inadmissible under Federal Rule of Evidence 407. The fact is *Wanke* are similar to those in the present case. The suit alleged wrongful death, loss of consortium, and punitive damages stemming from a collision between a truck driven by the defendant driver and owned by the defendant employer, and a vehicle driven by

the plaintiff's decedent. The plaintiff sought to introduce evidence at trial that the defendant's employer had dismissed him about four weeks after the collision.

It is anticipated that the plaintiff may seek to introduce evidence of Julius Abonyo's current employment status with the defendants. While Abonyo has not been fired, like the employee in *Wanke*, he is currently on paid leave. Therefore, it could be inferred by the jury that this change in employment status is an acknowledgment of guilt by the defendants. This is the very inference that Federal Rule of Evidence 407 seeks to prevent, and thus any reference to Abonyo's employment status or any other subsequent remedial measure should be excluded. Furthermore, any this evidence has no probative value and is highly prejudicial to the defendants and should be excluded under Federal Rule of Evidence 401 and 403.

**7)   Driver's logs.** It is anticipated that the plaintiff will attempt to introduce daily driving logs of Julius Abonyo. The logs should be excluded because they would be irrelevant, immaterial, unfairly prejudicial to the defendants, and would tend to mislead and confuse the jury as to the issue of liability and damages.

This case is about a motor vehicle accident. It is not a case about bookkeeping. The ultimate issue of this case is whether the negligent operation of a motor vehicle caused Mr. Woodley's death. The log books are not relevant to

this issue. Federal Rule of Evidence 401 defines relevant evidence as evidence tending to make a fact of consequence more probably or less probable. Fed. R. Evid. 401. Notations made by Julius Abonyo is his log book, do not make it more or less probable that he was negligent in the operation of this tractor-trailer truck on August 18, 2006.

In order to prevail on a negligence claim, the plaintiff must prove duty, breach, proximate cause, and damages. *See*, *Proctor v. Fluor Enterprises Inc.*, 494 F.2d 1346 (11th Cir. 2007). In his deposition Julius Abonyo admitted to falsifying his log books. However, the fact that Julius Abonyo falsified his log books does not prove one way or another that he proximately caused Mr. Woodley's death in a motor vehicle accident. The plaintiff cannot show that inaccurate log books made it more or less likely how the alleged accident occurred. They are irrelevant to the way Julius Abonyo operated his tractor-trailer truck on the roadway. Thus, this evidence should be excluded.

**8)    Anything the driver did after the accident, including his fabricated logs.** Anything occurring after the accident is not relevant to the plaintiff's cause of action. This includes the log books created after the accident. The log books have no bearing on whether Abonyo proximately caused the motor vehicle accident. Further, any actions or omissions that occurred **after** the alleged

accident are irrelevant under Federal Rule of Evidence 401. As this court is well aware, "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Any evidence of actions **after** the alleged accident does not go to prove that Julius Abonyo proximately caused Mr. Woodley's death in a motor vehicle accident. Therefore, under Federal Rule of Evidence 402, this evidence is inadmissible.

**9) Testimony by James R. Lauridson M. D.** Defendants respectfully make this argument aware of the Court's prior rulings on this or similar issues. The defendants move in limine to exclude Lauridson as a witness. His testimony including any affidavit, deposition testimony, or Rule 26 report is due to be excluded as it does not meet the standards of admissibility under Federal Rule of Evidence 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny.

Additionally, because Lauridson's testimony is insufficiently reliable and he cannot provide testimony that the alleged motor vehicle accident caused the decedent's death, his testimony is not relevant under Federal Rule of Evidence 401 and therefore should be excluded under Federal Rule of Evidence 402. Even if this

court finds this evidence to be relevant, it has no probative value and should be excluded under Federal Rule of Evidence 403.

**10) Prior tickets.** The driving record of Julius Abonyo, including other traffic accidents and/or traffic violations is in admissible character evidence. § 35.01 of *McElroy's Alabama Evidence* states that a person's character with respect to care or skill is not admissible as tending to infer negligence or carefulness on the occasion in suit. "Evidence of similar prior acts of negligence is inadmissible on the issue of negligence at the time of the injury complained of." *Bruck v. Jim Walter Corp.,* 470 So.2d 1141 (Ala. 1985). As such this evidence should be excluded.

Further, these prior accidents and/or traffic violations are irrelevant, too remote, unduly prejudicial, and would be designed to merely invoke the passions and emotions of the jury.

**11) Photos of the car.** This is a wrongful death case and no property damages have been claimed, therefore, offering photographs of the damaged vehicle would confuse the issues or mislead the jury, in violation of Federal Rule of Evidence 401.

**12)   Testimony regarding a purple mark on the passenger side of the Woodley's vehicle.**  It is anticipated that the plaintiff may attempt to elicit testimony regarding the existence of a purple mark on the Woodley's vehicle made by a blue stripe on the side of the defendants' trailer.  This testimony is expected to come from Ronald Wayne Amos, a witness to the incident.

This testimony is irrelevant, immaterial, unfairly prejudicial to the defendants, and would tend to mislead and confuse the jury.  The plaintiff has admitted in her Response to Request for Admissions that there was no contact between the vehicles.  Therefore, any reference to the purple mark would serve only to confuse the jury.

However, if testimony about a purple mark is admitted, then an otherwise inadmissible photo of the plaintiff's car must be shown to the jury to prove there is not such purple mark on the car.

**13)   Injuries or treatment sustained by Ms. Woodley.**  Ms. Woodley's only role in this case is as the representative of the estate of her deceased husband, Robert Rufus Woodley.  She has not made a claim for personal injuries or any other injuries arising from the alleged accident.  Therefore, any evidence of injuries or treatment Ms. Woodley received as a result of the alleged accident would be irrelevant and should be excluded under Federal Rule of Evidence 401.

**14)  Emotional distress suffered by Ms. Woodley.** Lillian Woodley is not a party to this case and has not brought a cause of action against the defendants.  Therefore, she can make no claim for damages.  Any evidence of her emotional distress is irrelevant and should be excluded under Federal Rule of Evidence 402.

Further, Ms. Woodley serves as the administrator of her husband's estate and the estate has brought an action for wrongful death.  According to Ala. Code § 6- 5-410 (1975), the Alabama Wrongful Death Act, the only damages to be recovered are punitive damages.  Any damages for emotional distress are clearly compensatory.  Therefore and argument regarding these damages is improper.

WHEREFORE, PREMISES CONSIDERED, Defendants request this Honorable Court enter an Order in Limine as set forth herein.

Respectfully submitted,

s/ Matthew W. Robinett
WILLIAM C. WOOD
WOO007 – ASB-2689-DA4W
MATTHEW W. ROBINETT
ROB127 – ASB-3523-172M
*Attorneys for Defendants*
NORMAN, WOOD, KENDRICK & TURNER
Financial Center, Suite 1600
505 20th Street North
Birmingham, AL  35203

Telephone: (205) 328-6643
Fax: (205) 251-5479
Email: wood@nwkt.com
mrobinett@nwkt.com

STANLEY ALLEN CASH
CAS002 – ASB-8923-A31S
*Attorney for Defendants*
HUIE FERNAMBUCQ & STEWART LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
Telephone: (205) 251-1193
Fax: (205) 251-1256
Email: sac@hfsllp.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA,
# NORTHERN DIVISION

| | | |
|---|---|---|
| **LILIAN WOODLEY, as the** | * | |
| **administratrix of the Estate of** | * | |
| **RUFUS WOODLEY,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| v. | * | CASE No.: 2:07-CV-74-ID |
| | * | |
| **PFG-LESTER BROADLINE, INC.,** | * | |
| **KENNETH O. LESTER COMPANY,** | * | |
| **INC., et al.,** | * | |
| | * | |
| **Defendants.** | * | |

## CERTIFICATE OF SERVICE

    I hereby certify that on June 2, 2008, I electronically filed the foregoing with the Clerk of the Court through the CM/ECF system which will send notification of such filing to the following:

Michael J. Crow
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, PC
P.O. Box 4160
Montgomery, AL 36103-4160

        Respectfully submitted,

        s/ Matthew W. Robinett
        WILLIAM C. WOOD
        WOO007 – ASB-2689-DA4W
        MATTHEW W. ROBINETT
        ROB127 – ASB-3523-172M
        *Attorneys for Defendants*
        NORMAN, WOOD, KENDRICK & TURNER
        Financial Center, Suite 1600
        505 20th Street North

        Birmingham, AL  35203
        Telephone:  (205) 328-6643
        Fax:          (205) 251-5479
        Email:      wood@nwkt.com
                    mrobinett@nwkt.com

        STANLEY ALLEN CASH
        CAS002 – ASB-8923-A31S
        *Attorney for Defendants*
        HUIE FERNAMBUCQ & STEWART LLP
        Three Protective Center
        2801 Highway 280 South, Suite 200
        Birmingham, AL 35223-2484
        Telephone:  (205) 251-1193
        Fax:          (205) 251-1256
        Email:      sac@hfsllp.com