IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LILLIAN WOODLEY, as the Administratrix of the Estate of RUFUS WOODLEY, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>PFG-LESTER BROADLINE, INC., )<br>and KENNETH O. LESTER )<br>COMPANY, INC., )<br>)<br>Defendants. ) | Civil Action No. 2:07cv074-ID |

### ORDER

This cause is before the court on Defendant PFG-Lester Broadline, Inc.'s Motion for Summary Judgment, Plaintiff Lillian Woodley's Memorandum Brief in Opposition and PFG-Lester Broadline's Reply. (Doc. Nos. 38, 52, 58.)  Having reviewed the record in light of the familiar standard governing summary judgment, see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986), the court finds that PFG-Lester Broadline's Motion is due to be denied.

Plaintiff filed this wrongful death lawsuit on January 25, 2007, bringing negligence and wantonness claims.[1] The defendants named in the amended complaint,

---

[1] The court detailed the facts which precipitated this lawsuit in a Memorandum Opinion and Order entered on May 30, 2008, and will not recount those facts here. (Mem. Op. & Order (Doc. No. 65).)

which is the operative complaint, are PFG-Lester Broadline and Kenneth O. Lester Co. (Am. Compl. ¶¶ 2, 3 (Doc. No. 7).)  As represented at the pretrial hearing, Kenneth O. Lester Co. concedes that it is the employer of Julious Abonyo ("Mr. Abonyo"), the driver of the tractor-trailer rig which allegedly caused the accident at issue.  PFG-Lester Broadline, however, disputes that it is Mr. Abonyo's employer and, therefore, moves for summary judgment on all claims.

In support of its Motion for Summary Judgment, PFG-Lester Broadline has submitted an affidavit setting forth that, as a wholly owned subsidiary of Kenneth O. Lester Co., it does not maintain or share any property, trucks, or employees with Kenneth O. Lester Co.  (Glen Lea Aff. ¶¶ 4-5 (Ex. A to Doc. No. 38).)  As to Mr. Abonyo, PFG-Lester Broadline asserts that it did not employ, hire or control Mr. Abonyo at the time of the accident described in the complaint.  (Id. ¶ 6.)  It also did not lease or own the truck or trailer Mr. Abonyo was driving.  (Id.)  Plaintiff, however, submits evidence demonstrating, among other things, that Mr. Abonyo's trailer and uniform were adorned with a "PFG" logo, that Mr. Abonyo's driver's manual contained multiple references to "PFG," and that Mr. Abonyo testified that he worked for "PFG."  (Pl. Mem. Br. at 3-7 (Doc. No. 52).)  Plaintiff argues that her evidence creates a jury issue as to whether PFG-Lester Broadline "employ[ed], train[ed] or control[led]" Mr. Abonyo.  (Id.)  Replying, PFG-Lester Broadline says that Plaintiff has confused it with Performance Food Group Co.  Relying on its corporate disclosure statement, filed pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, PFG-Lester Broadline states that it is a wholly owned

subsidiary of Kenneth O. Lester Co., which in turn is a wholly owned subsidiary of Performance Food Group Co. (Def. Reply at 2-3 (Doc. No. 58)); (Corporate Disclosure Statement (Doc. No. 13).)

The court accepts PFG-Lester Broadline's representations in its corporate disclosure statement as to the distinction between it and Performance Food Group Co. For purposes of summary judgment, though, the court cannot accept PFG-Lester Broadline's contention that "the name and logo of 'PFG' do[] not refer to PFG-Lester Broadline, but rather to the non-party Performance Food Group." (Id. at 2.) This is because PFG-Lester Broadline presents only its own argument in a brief, without an accompanying evidentiary basis, in support of this contention. See U.S. v. Cardona, 302 F.3d 494, 497 (5th Cir. 2002) ("arguments in brief are not evidence"). Stated differently, the record is insufficiently developed on the question of whether "PFG" is an acronym for Performance Food Group Co. or an abbreviation for PFG-Lester Broadline. Cf. Hayden v. First Nat'l Bank, 595 F.2d 994, 997 (5th Cir. 1979) (cautioning against summary disposition "on a 'potentially inadequate factual presentation'"). On summary judgment, the court must resolve the factual ambiguity in favor of Plaintiff. See San Pedro v. U.S., 79 F.3d 1065, 1072 (11th Cir. 1996) ("in ruling on a motion for summary judgment, the court must resolve all ambiguities and draw all justifiable inferences in favor of the non-moving party"). Accordingly, the court finds that there is a genuine issue for trial as to the threshold issue of whether "PFG" refers to Performance Food Group Co. or to PFG-Lester Broadline. Assuming Plaintiff is correct on this threshold

issue, an assumption which the court must make on the summary judgment facts, the court finds that Plaintiff's evidence creates a genuine issue of material fact as to whether there was a master and servant relationship between PFG-Lester Broadline and Mr. Abonyo for purposes of holding PFG-Lester Broadline liable under a theory of *respondeat superior*.[2]  See Jenkins v. Gadsden Times Pub. Corp., 521 So.2d 957, 958 (Ala. 1988).  This case, therefore, must proceed to trial on the dispute regarding whether PFG-Lester Broadline is a proper defendant.

For the foregoing reasons, it is CONSIDERED and ORDERED that PFG-Lester Broadline's Motion for Summary Judgment be and the same is hereby DENIED.

Done this 3rd day of June, 2008.

       /s/ Ira DeMent
      SENIOR UNITED STATES DISTRICT JUDGE

---

[2] The court notes that, during the pretrial hearing, it observed that the issue of whether PFG-Lester Broadline is a proper Defendant appeared to be one easily capable of resolution among the parties.  Unfortunately, though, as indicated by counsel at the pretrial hearing, the parties have been unable to resolve the issue by mutual agreement.

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.  Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).